IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

CHRISTOPHER CROSS,                )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 09-6016-CV-SJ-ODS
                                  )
PROGRESSIVE COMMUNITY             )
SERVICES, et al.,                 )
                                  )
            Defendants.           )

## ORDER AND OPINION (1) DISMISSING FEDERAL CLAIMS FOR FAILURE TO STATE A CLAIM AND (2) DISMISSING REMAINING STATE LAW CLAIMS WITHOUT PREJUDICE

Pending is Defendants Human Resources Law Consultant's ("HRLC") and Tonya Johnston's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. # 13). For the following reasons, Plaintiff's federal claims against all Defendants are dismissed for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and therefore dismisses these as to all parties without prejudice.

## I. BACKGROUND

Plaintiff, who is proceeding pro se, asserted the above-captioned action against his former employer, Progressive Community Services ("PCS"), an organization that provides services to individuals with mental and/or physical disabilities. Plaintiff alleges that as an employee of PCS, he reported abuse or neglect of PCS's clients to the Missouri Department of Mental Health, and was thereafter terminated for doing so. He also named as defendants PCS's Executive Director, PCS's Human Resources Manager, Human Resources Law Consultants, LLC ("HRLC") (an independent company hired by PCS to investigate Plaintiff's allegations of abuse), and Tonya Johnston, HRLC's employee. He asserts various claims based on state and federal

law.

## II. STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Additionally, "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (internal quotation marks and citations omitted). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

The Court is limited to a review of the Complaint; the only items outside the Complaint that may be considered without converting the motion to one seeking relief pursuant to Rule 56 of the Federal Rules of Civil Procedure are (1) exhibits attached to the Complaint, and (2) materials necessarily embraced by the Complaint. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003).

## III. DISCUSSION

Plaintiff Complaint asserts two claims premised on federal law. He alleges that Defendants violated his First and Fourteenth Amendment rights by retaliating against him for reporting client abuse and neglect to the state of Missouri. He also alleges a conspiracy to deprive him of equal rights pursuant to 42 U.S.C. § 1985(3).

2

*A. First and Fourteenth Amendments*

Even if Defendant PCS contracts with and is regulated by the State of Missouri, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). The plaintiff must show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Id. (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id. (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 166 (1978)).

Other than alleging that he was interviewed by Johnston at the Buchanan County Courthouse, Plaintiff does not suggest any involvement by the State of Missouri or the Department of Mental Health in his termination or the events preceding it. Therefore, Plaintiff's First and Fourteenth Amendment claim fails for lack of state action and is dismissed as to all Defendants.[1]

*B. 42 U.S.C. § 1985(3)*

To state a claim pursuant to § 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 829 (1983). While "§ 1985(3) reaches not only conspiracies under color of state law, but also purely private conspiracies," the

---

[1] For the same reasons, Plaintiff's Fifth Amendment and "Garrity" rights claims are also dismissed. See Garrity v. New Jersey, 385 U.S. 493 (1967) ("Garrity" rights protect public employees against self-incrimination).

3

statutory language "requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993) (emphasis in original). Plaintiff does not allege he was discriminated against based on his race or his membership in any other constitutionally protected class. He asserts that he is a "Direct Support Professional State Mandated Reporter" ("DSPSMR"), and that he and other DSPSMRs were prevented from exercising their rights of free speech, association, and to petition the government.

Beyond race, "class-based" discrimination, as interpreted by the Supreme Court, "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." Id. at 269. Rather, the statute creates a federal remedy for "invidiously discriminatory animus." Id. DSPSMRs are not a class protected by the statute. Accordingly, Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1985(3), and this claim is dismissed as to all Defendants.

*C. Remaining State Law Claims*

Plaintiffs remaining claims are premised on Missouri state law,[2] and the Court declines to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c)(3). Accordingly, these claims are dismissed as to all parties without prejudice.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's federal claims against all Defendants are dismissed for failure to state a claim. The Court declines to exercise supplemental

---

[2] Plaintiff and PCS are both citizens of Missouri, depriving the Court of diversity jurisdiction under 28 U.S.C. § 1332.

jurisdiction over Plaintiff's remaining state law claims, and therefore dismisses these as to all parties as well.

IT IS SO ORDERED.

DATE: May 20, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

5